**O'HAGAN MEYER LLP**
JOHNNY L. ANTWILER (SBN 288772)
SAMUEL Y. EDGERTON, III (SBN 127156)
JEFFREY W. AMLOYAN (SBN 343704)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: jantwiler@ohaganmeyer.com
Email: sedgerton@ohaganmeyer.com
Email: jamloyan@ohaganmeyer.com

*Attorneys for Defendant,*
*MILLER PAINT CO., INC.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| MBM PAINT, INC., a Nevada corporation; MILE (ZHUHAI) ENVIRONMENT CONSTRUCTION MATERIAL CO. LTD, <br><br> Plaintiffs, <br><br> vs. <br><br> MILLER PAINT CO., INC., an Oregon corporation, <br><br> Defendant. | Case No.: 8:24-cv-00245-JVS-ADS <br><br> **ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT** <br><br> [JURY TRIAL REQUESTED ON ALL TRIABLE ISSUES] <br><br> Complaint Filed: February 5, 2024 <br> Trial Date: July 15, 2025 |

Defendant MILLER PAINT CO., INC. ("Defendant" or "MILLER") hereby answers the Complaint filed by Plaintiffs MBM PAINT, INC. and MILE (ZHUHAI) ENVIRONMENT CONSTRUCTION MATERIAL CO. LTD ("MBM," "MILE," or collectively "Plaintiffs") on February 5, 2024 (the "Complaint"). Defendant MILLER denies each and every allegation in the Complaint except those specifically admitted in this Answer.

1

1

## THE PARTIES

2       1.      Answering the allegations in Paragraph 1 of Plaintiffs' Complaint,

3   Defendant is without sufficient knowledge or information to form a belief as to the

4   truth of the allegations in said paragraph, and on that basis, denies each and every

5   allegation.

6       2.      Answering the allegations in Paragraph 2 of Plaintiffs' Complaint,

7   Defendant is without sufficient knowledge or information to form a belief as to the

8   truth of the allegations in said paragraph, and on that basis, denies each and every

9   allegation.

10      3.      Answering the allegations in Paragraph 3 of Plaintiffs' Complaint,

11  Defendant admits that MILLER Paint Co. Inc. ("MILLER") is a corporation with its

12  primary place of business in Portland, Oregon.

13  ## JURISDICTION AND VENUE

14      4.      Answering the allegations in Paragraph 4 of Plaintiffs' Complaint,

15  Defendant admits that Defendant MILLER is a corporation incorporated in Oregon

16  with its principal place of business in Portland, Oregon.  With respect to other

17  allegations, Defendant is without sufficient knowledge or information to form a

18  belief as to the truth of the remaining allegations in said Paragraph, and on that

19  basis, denies each and every such allegation.

20      5.      Answering the allegations in Paragraph 5 of Plaintiffs' Complaint, the

21  allegations of this Paragraph consist entirely of legal conclusions and opinions to

22  which no response is necessary.  To the extent that a response is necessary,

23  Defendant is without sufficient knowledge or belief as to the truth of the allegations

24  contained in this Paragraph, and on that basis, denies each and every allegation

25  contained therein.

26      6.      Answering the allegations in Paragraph 6 of Plaintiffs' Complaint, the

27  allegations of this Paragraph consist entirely of legal conclusions and opinions to

28  which no response is necessary.  To the extent that a response is necessary,

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1  Defendant is without sufficient knowledge or belief as to the truth of the allegations
2  contained in this Paragraph, and on that basis, denies each and every allegation
3  contained therein.

4      7.    Answering the allegations in Paragraph 7 of Plaintiffs' Complaint,
5  Defendant admits it is registered with the State of California under the state-run
6  program known as the California Paint Stewardship Program ("CPSP").  With
7  respect to the other allegations, Defendant denies each and every such allegation to
8  the extent such allegations are directed at Defendant.

### **NATURE OF THE ACTION**

10     8.    Answering the allegations in Paragraph 8 of Plaintiffs' Complaint,
11  Defendant admits that in or around December 2019, Defendant MILLER entered
12  into a written agreement with Shenzhen Yijiahe Trading Co., LTD ("SHENZEN")
13  with granted SHENZEN the exclusive rights to market and sell MILLER-branded
14  paint related products ("MILLER Products") in China (the "SHENZEN
15  Agreement") contingent upon minimum purchase requirements.

16     9.    Answering the allegations in Paragraph 9 of Plaintiffs' Complaint,
17  Defendant admits it agreed not to establish any direct sales relationship in China
18  with any third party during the term of the SHENZEN Agreement and granted
19  SHENZEN the exclusive use of Defendant's registered trademarks.

20     10.   Answering the allegations in Paragraph 10 of Plaintiffs' Complaint,
21  Defendant admits these allegations.

22     11.   Answering the allegations in Paragraph 11 of Plaintiffs' Complaint,
23  Defendant admits these allegations.

24     12.   Answering the allegations in Paragraph 12 of Plaintiffs' Complaint,
25  Defendant lacks sufficient knowledge or information to form a belief as to the truth
26  of the allegations in this paragraph, and on that basis, denies each and every
27  allegation contained therein.

28     13.   Answering the allegations in Paragraph 13 of Plaintiffs' Complaint,

3

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS'
COMPLAINT

1  Defendant admits that SHENZEN had not met the Annual Minimum in 2020.

2  Except as specifically admitted, Defendant denies the remaining allegations in this

3  paragraph.

4       14.    Answering the allegations in Paragraph 14 of Plaintiffs' Complaint,

5  Defendant denies these allegations.

6       15.    Answering the allegations in Paragraph 15 of Plaintiffs' Complaint,

7  Defendant denies these allegations.

8       16.    Answering the allegations in Paragraph 16 of Plaintiffs' Complaint,

9  Defendant denies these allegations.

10       17.    Answering the allegations in Paragraph 17 of Plaintiffs' Complaint,

11  Defendant denies this allegation.

12       18.    Answering the allegations in Paragraph 18 of Plaintiffs' Complaint,

13  Defendant admits this allegation.

14       19.    Answering the allegations in Paragraph 19 of Plaintiffs' Complaint,

15  Defendant lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations in this paragraph, and on that basis, denies each and every

17  allegation contained therein.

18       20.    Answering the allegations in Paragraph 20 of Plaintiffs' Complaint,

19  Defendant denies the allegations contained in this paragraph.

20       21.    Answering the allegations in Paragraph 21 of Plaintiffs' Complaint,

21  Defendant admits this allegation.

22       22.    Answering the allegations in Paragraph 22 of Plaintiffs' Complaint,

23  Defendant admits it sent an email to MBM on May 18, 2022 confirming a new

24  supply agreement would need to be drafted and that MBM was set up in

25  Defendant's invoice system.  With respect to the other allegations, Defendant

26  denies each and every such allegation.

27       23.    Answering the allegations in Paragraph 23 of Plaintiffs' Complaint,

28  Defendant lacks sufficient knowledge or information to form a belief as to the truth

4

O'HAGAN MEYER
ATTORNEYS & ADVISORS

1  of the allegations in this paragraph, and on that basis, denies each and every
2  allegation contained therein.

3     24.    Answering the allegations in Paragraph 24 of Plaintiffs' Complaint,
4  Defendant admits Defendants had not drafted a new distribution agreement with
5  MBM nor mentioned any additional annual minimum purchase requirements
6  pursuant thereto.

7     25.    Answering the allegations in Paragraph 25 of Plaintiffs' Complaint,
8  Defendant admits MBM and MILLER met via Zoom on October 21, 2022 to
9  discuss pricing increases.

10     26.    Answering the allegations in Paragraph 26 of Plaintiffs' Complaint,
11  Defendant denies each and every allegation contained in this paragraph.

12     27.    Answering the allegations in Paragraph 27 of Plaintiffs' Complaint,
13  Defendant denies each and every allegation contained in this paragraph.

14     28.    Answering the allegations in Paragraph 28 of Plaintiffs' Complaint,
15  Defendant admits this allegation.

16     29.    Answering the allegations in Paragraph 29 of Plaintiffs' Complaint,
17  Defendant admits on or around October 28, 2022, at the request of Ms. Yan, whom
18  Defendant had previously dealt with in the past as a representative of SHENZEN,
19  Defendant provided a draft copy of a certificate changing the name from
20  "SHENZEN" to "MBM" as the exclusive distributor in China of MILLER-products
21  with reference to an undrafted distribution agreement.

22     30.    Answering the allegations in Paragraph 30 of Plaintiffs' Complaint,
23  Defendant admits only the allegation that Defendant provided MBM a draft copy of
24  a certificate stating MBM had the exclusive distribution rights to the "Mueller"
25  paint brand.  With respect to the other allegations, Defendant denies each and every
26  such allegation.

27     31.    Answering the allegations in Paragraph 31 of Plaintiffs' Complaint,
28  Defendant admits these allegations.

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

O'HAGAN MEYER
ATTORNEYS & ADVISORS

1    32.    Answering the allegations in Paragraph 32 of Plaintiffs' Complaint,

2    Defendant admits these allegations.

3    33.    Answering the allegations in Paragraph 33 of Plaintiffs' Complaint,

4    Defendant lacks sufficient knowledge or information to form a belief as to the truth

5    of the allegations in this paragraph, and on that basis, denies each and every

6    allegation contained therein.

7    34.    Answering the allegations in Paragraph 34 of Plaintiffs' Complaint,

8    Defendant lacks sufficient knowledge or information to form a belief as to the truth

9    of the allegations in this paragraph, and on that basis, denies each and every

10    allegation contained therein.

11    35.    Answering the allegations in Paragraph 35 of Plaintiffs' Complaint,

12    Defendant admits this allegation.

13    36.    Answering the allegations in Paragraph 36 of Plaintiffs' Complaint,

14    Defendant admits this allegation.

15    37.    Answering the allegations in Paragraph 37 of Plaintiffs' Complaint,

16    Defendant admits this allegation.

17    38.    Answering the allegations in Paragraph 38 of Plaintiffs' Complaint,

18    Defendant lacks sufficient knowledge or information to form a belief as to the truth

19    of the allegations in this paragraph, and on that basis, denies each and every

20    allegation contained therein.

21    39.    Answering the allegations in Paragraph 39 of Plaintiffs' Complaint,

22    Defendant admits that it terminated the operative SHENZEN AGREEMENT due to

23    SHEZHEN and MBM's combined purchases for year end 2022 failing to meet the

24    express annual minimum purchase requirements.

25    40.    Answering the allegations in Paragraph 40 of Plaintiffs' Complaint,

26    Defendant denies each and every allegation contained in this paragraph.

27    41.    Answering the allegations in Paragraph 41 of Plaintiffs' Complaint,

28    Defendant admits the allegation to the extent it has appointed YULAN as the

6

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

exclusive distributor of MILLER-branded paint in China.  With respect to the other allegations, Defendant denies each and every such allegation.

42.    Answering the allegations in Paragraph 42 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies each and every allegation contained therein.

43.    Answering the allegations in Paragraph 43 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies each and every allegation contained therein.

44.    Answering the allegations in Paragraph 44 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies each and every allegation contained therein.

45.    Answering the allegations in Paragraph 45 of Plaintiffs' Complaint, Defendant denies all allegations contained in this paragraph.

## **FIRST CAUSE OF ACTION**

### **Breach of Contract**

### **(Against Defendant MILLER)**

46.    Answering the allegations in Paragraph 46 of Plaintiffs' Complaint, Defendant restates and incorporates by reference Defendant's responses to paragraphs 1 through 45 as fully set forth herein.

47.    Answering the allegations in Paragraph 47 of Plaintiffs' Complaint, on May 2, 2024, this Court granted Defendant's Motion to Dismiss Plaintiff's First Cause of Action for Breach of Contract and denied Plaintiff's request for leave to amend.  Therefore, Defendant need not admit or deny the allegations contained in this paragraph.

48.    Answering the allegations in Paragraph 48 of Plaintiffs' Complaint, on

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1  May 2, 2024, this Court granted Defendant's Motion to Dismiss Plaintiff's First

2  Cause of Action for Breach of Contract and denied Plaintiff's request for leave to

3  amend.  Therefore, Defendant need not admit or deny the allegations contained in

4  this paragraph.

5      49.    Answering the allegations in Paragraph 49 of Plaintiffs' Complaint, on

6  May 2, 2024, this Court granted Defendant's Motion to Dismiss Plaintiff's First

7  Cause of Action for Breach of Contract and denied Plaintiff's request for leave to

8  amend.  Therefore, Defendant need not admit or deny the allegations contained in

9  this paragraph.

10      50.    Answering the allegations in Paragraph 50 of Plaintiffs' Complaint, on

11  May2, 2024, this Court granted Defendant's Motion to Dismiss Plaintiff's First

12  Cause of Action for Breach of Contract and denied Plaintiff's request for leave to

13  amend.  Therefore, Defendant need not admit or deny the allegations contained in

14  this paragraph.

## SECOND CAUSE OF ACTION

### Breach of Implied Contract in Fact

### (Against Defendant MILLER)

18      51.    Answering the allegations in Paragraph 51 of Plaintiffs' Complaint,

19  Defendant restates and incorporates by reference Defendant's responses to

20  paragraphs 1 through 50 as fully set forth herein.

21      52.    Answering the allegations in Paragraph 52 of Plaintiffs' Complaint, to

22  the extent the allegations contained therein call for legal conclusions, Defendant

23  need not respond.   Except as specifically admitted, Defendant denies the remaining

24  allegations in this paragraph.

25      53.    Answering the allegations in Paragraph 53 of Plaintiffs' Complaint, to

26  the extent the allegations contained therein call for legal conclusions, Defendant

27  need not respond.   Except as specifically admitted, Defendant denies the remaining

28  allegations in this paragraph.

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

54.     Answering the allegations in Paragraph 54 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

55.     Answering the allegations in Paragraph 55 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   To the extent a response is required, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained therein, and basing its denial upon this, denies each and every allegation.  Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

## THIRD CAUSE OF ACTION

### Promissory Estoppel

### (Against Defendant MILLER)

56.     Answering the allegations in Paragraph 56 of Plaintiffs' Complaint, Defendant restates and incorporates by reference Defendant's responses to paragraphs 1 through 55 as fully set forth herein.

57.     Answering the allegations in Paragraph 57 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

58.     Answering the allegations in Paragraph 58 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

59.     Answering the allegations in Paragraph 59 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1    60.    Answering the allegations in Paragraph 60 of Plaintiffs' Complaint, to

2    the extent the allegations contained in this paragraph call for legal conclusions,

3    Defendant need not respond.   To the extent a response is required, Defendant lacks

4    sufficient knowledge to form a belief as to the truth of the allegations contained

5    therein, and basing its denial upon this, denies each and every allegation.  Except as

6    specifically admitted, Defendant denies the remaining allegations in this paragraph.

7                    **FOURTH CAUSE OF ACTION**

8            **Intentional Interference with Contractual Relations**

9                    **(Against Defendant MILLER)**

10    61.    Answering the allegations in Paragraph 61 of Plaintiffs' Complaint,

11    Defendant restates and incorporates by reference Defendant's responses to

12    paragraphs 1 through 60 as fully set forth herein.

13    62.    Answering the allegations in Paragraph 62 of Plaintiffs' Complaint, to

14    the extent the allegations contained therein call for legal conclusions, Defendant

15    need not respond.   Except as specifically admitted, Defendant denies the remaining

16    allegations in this paragraph.

17    63.    Answering the allegations in Paragraph 63 of Plaintiffs' Complaint, to

18    the extent the allegations contained therein call for legal conclusions, Defendant

19    need not respond.   Except as specifically admitted, Defendant denies the remaining

20    allegations in this paragraph.

21    64.    Answering the allegations in Paragraph 64 of Plaintiffs' Complaint, to

22    the extent the allegations contained therein call for legal conclusions, Defendant

23    need not respond.   Except as specifically admitted, Defendant denies the remaining

24    allegations in this paragraph.

25                    **FIFTH CAUSE OF ACTION**

26    **Intentional Interference with Prospective Economic Relations-MILE**

27                    **(Against Defendant MILLER)**

28    65.    Answering the allegations in Paragraph 65 of Plaintiffs' Complaint,

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1    Defendant restates and incorporates by reference Defendant's responses to

2    paragraphs 1 through 64 as fully set forth herein.

3        66.    Answering the allegations in Paragraph 66 of Plaintiffs' Complaint, to

4    the extent the allegations contained therein call for legal conclusions, Defendant

5    need not respond.   Except as specifically admitted, Defendant denies the remaining

6    allegations in this paragraph.

7        67.    Answering the allegations in Paragraph 67 of Plaintiffs' Complaint, to

8    the extent the allegations contained therein call for legal conclusions, Defendant

9    need not respond.   Except as specifically admitted, Defendant denies the remaining

10   allegations in this paragraph.

11       68.    Answering the allegations in Paragraph 68 of Plaintiffs' Complaint, to

12   the extent the allegations contained therein call for legal conclusions, Defendant

13   need not respond.   Except as specifically admitted, Defendant denies the remaining

14   allegations in this paragraph.

15       69.    Answering the allegations in Paragraph 68 of Plaintiffs' Complaint, to

16   the extent the allegations contained therein call for legal conclusions, Defendant

17   need not respond.   Except as specifically admitted, Defendant denies the remaining

18   allegations in this paragraph.

19       70.    Answering the allegations in Paragraph 70 of Plaintiffs' Complaint, to

20   the extent the allegations contained therein call for legal conclusions, Defendant

21   need not respond.   Except as specifically admitted, Defendant denies the remaining

22   allegations in this paragraph.

23       71.    Answering the allegations in Paragraph 71 of Plaintiffs' Complaint, to

24   the extent the allegations contained therein call for legal conclusions, Defendant

25   need not respond.   Except as specifically admitted, Defendant denies the remaining

26   allegations in this paragraph.

27       72.    Answering the allegations in Paragraph 72 of Plaintiffs' Complaint, to

28   the extent the allegations contained therein call for legal conclusions, Defendant

11

O'HAGAN MEYER

ATTORNEYS & ADVISORS

need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

73.     Answering the allegations in Paragraph 73 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

## SIXTH CAUSE OF ACTION

### Intentional Interference With Prospective Relations-YULAN

### (Against Defendant MILLER)

74.     Answering the allegations in Paragraph 74 of Plaintiffs' Complaint, Defendant restates and incorporates by reference Defendant's responses to paragraphs 1 through 73 as fully set forth herein.

75.     Answering the allegations in Paragraph 75 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

76.     Answering the allegations in Paragraph 76 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

77.     Answering the allegations in Paragraph 77 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

78.     Answering the allegations in Paragraph 78 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

79.     Answering the allegations in Paragraph 79 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

80.     Answering the allegations in Paragraph 80 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

81.     Answering the allegations in Paragraph 81 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

82.     Answering the allegations in Paragraph 82 of Plaintiffs' Complaint, to the extent the allegations contained therein call for legal conclusions, Defendant need not respond.   Except as specifically admitted, Defendant denies the remaining allegations in this paragraph.

## **PRAYER**

Defendant denies that Plaintiffs are entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise.  Plaintiffs' prayer therefore should be denied in its entirety and with prejudice.

## **AFFIRMATIVE DEFENSES**

For its defenses, Defendant incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 82 of the Complaint. Without assuming any burden other than that imposed by operation of law, Defendant asserts these defenses without admitting that Defendant bears the burden of proof on any of them.

///

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes, and on this basis, alleges, that Plaintiff is estoped by Plaintiffs' own actions and conduct from asserting any cause of action against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

### (Mitigation)

Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages, as required by law.

### SEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

To the extent the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or Plaintiffs, the liability of Defendant and any other responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1  other legal responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no damages.

## NINETH AFFIRMATIVE DEFENSE

### (Causation)

Defendant is informed and believes, and thereon alleges, that each cause of action set forth in the Complaint and the recovery of damages, if any, are barred either in whole or in part, because the actions of Defendant did not cause any harm or damages to Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred by the relevant statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

Plaintiffs' claims are barred by the business judgment rule. Defendant alleges that it performed its duties, including contractual and fiduciary duties, in a good faith and in a manner believed to be in the best interest of Plaintiffs with such care, including reasonable inquiry, as an ordinarily prudent person in a similar position would use in similar circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs may not recover any damages in this action because, under the circumstances presented, it would constitute unjust enrichment.

///

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Intervening/Superseding Acts of Third Parties)

3       Plaintiffs' claims are barred, in whole or in part, because the damages alleged

4   in Plaintiffs' Complaint were the result of intervening and superseding acts of

5   negligence on the part or persons or entities over whom Defendant has neither control

6   nor right of control and for whose actions Defendant is not liable.

7

## FOURTEENTH AFFIRMATIVE DEFENSE

8

### (Uncertain Damages)

9       Plaintiffs' claims are barred, in whole or in part, because they are uncertain,

10  ambiguous and/or unintelligible.

11

## FIFTEENTH AFFIRMATIVE DEFENSE

12

### (Failure to Plead With Particularity)

13      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to plead

14  them with particularity.

15

## SIXTEENTH AFFIRMATIVE DEFENSE

16

### (Consent)

17      Defendant is informed and believes, and thereon alleges, that Plaintiffs'

18  Complaint is barred in whole, or in part, because of Plaintiffs' consent.

19

## SEVENTEENTH AFFIRMATIVE DEFENSE

20

### (Truth)

21      Plaintiffs' allegations and causes of action which rest upon defamation, libel,

22  and/or slander are barred because any and all statements alleged to have been made

23  were true at the time they were made or believed to be true when made.

24

## EIGHTEENTH AFFIRMATIVE DEFENSE

25

### (No Knowledge of Untruthful Statements)

26      Defendant is informed and believes, and thereon alleges, that reasonable

27  care was exercised with respect to any statements that may have been made and

28  Defendant has no knowledge of any untruths.

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Opinion/Hyperbole)

Plaintiffs' allegations and causes of action which rest upon defamation, libel, and/or slander are barred because any and all statements alleged to have been made are protected as an expression of opinion or rhetorical hyperbole.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Privilege)

Defendant is informed and believes, and thereon alleges, that Plaintiffs are not entitled recover any damages as the actions alleged in the Complaint were at all times reasonable, privileged and justified.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Public Concern)

Plaintiffs' claims are barred, in whole or in part, because the statements and publications which Plaintiffs complain relate to a matter of public concern.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Basis for Punitive Damages)

Defendant is informed and believes, and thereon alleges, that all of Defendant's actions with regard to Plaintiffs were conducted in good faith and without outrageousness, fraud, oppression, or malice towards Plaintiffs and their rights, thereby precluding any and all claims for special, exemplary, or punitive damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

Defendant is informed and believes, and thereon alleges, that Plaintiffs are not entitled to recover punitive damages in this action. However, any award of punitive damages against Defendant in this action would be barred by the due process and equal protection provisions of the United States and California Constitutions.

///

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorney's Fees and Costs)

Defendant is informed and believes, and thereon alleges, that there is no statutory or contractual basis for seeking attorneys' fees and costs against Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

Plaintiffs' Complaint is barred in whole or in part because of the failure of a condition precedent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs had and continue to have the ability and opportunity to mitigate the damages alleged in their Complaint and have failed to act reasonably to mitigate such damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendant alleges that Plaintiffs lack standing to prosecute the purported claims set forth in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Privity – No Contractual Relationship)

Defendant alleges that no contractual relationship exists or existed between any Plaintiff and Defendant. As such there is a lack of privity between the parties, and accordingly Plaintiffs' claims for breach of contract and breach of implied covenant of good faith and fair dealing are barred against Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Defendant alleges that any performance due by Defendant under any alleged contract in the Complaint was excused by failure of consideration.

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

## THIRTIETH AFFIRMATIVE DEFENSE

### (Release)

Defendant alleges that Plaintiffs' actions constituted a full release by Plaintiffs of any and all claims which Plaintiffs may have had against Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Full Performance)

Defendant alleges that its full performance of any agreement or act required of Defendant, if there be such agreements or acts, fulfills all its duties and obligations to Plaintiffs, if any such duties or obligations existed or remain.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Agency / Fiduciary Relationship)

Defendant alleges that Defendant was not an agent of any Plaintiff and Defendant was not in a fiduciary relationship with any Plaintiff. Therefore, Defendant did not owe any fiduciary or contractual obligation to Plaintiffs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Consideration)

Defendant alleges that Plaintiff provided no consideration to support any contract or implied contract. Therefore, Defendant contends no contract existed between Defendant and Plaintiffs.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Mutual Assent)

Defendant alleges that there was no meeting of the minds and there was a lack of mutual assent necessary to form any contract between Defendant and Plaintiff. Key terms of the implied contract were never agreed upon or finalized, including minimum purchase requirements.

///

///

///

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

2

**(Accord and Satisfaction)**

3  Defendant alleges that Plaintiff's Complaint and each claim therein is barred

4  under the doctrine of accord and satisfaction.

5

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

6

**(Prior Breach by Plaintiffs)**

7  Defendant denies that any contract with Plaintiff exists. However, assuming

8  arguendo that a contract did exist, Defendant alleges that Plaintiff breached the

9  contract prior to any alleged breach by Defendant. Thus, Plaintiff's prior breach

10  excused the defendant from performing their part of the contract.

11

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

12

**(Termination Pursuant to Contract)**

13  Defendant denies that any contract with Plaintiff exists. However, assuming

14  arguendo that a contract did exist, Defendant alleges that Defendant terminated any

15  said contract pursuant to its terms and provisions. Defendant alleges that Defendant

16  was justified in its termination and there was no breach of any such contract.

17

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

18

**(Right to Assert Additional Unknown Affirmative Defenses)**

19  Plaintiffs' Complaint contains insufficient information to permit Defendant to

20  raise all appropriate defenses, and Defendant therefore reserves their right to amend

21  and/or supplement this Answer to assert additional affirmative defenses against

22  Plaintiffs.

23

### JURY TRIAL DEMANDED

24  Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a jury

25  trial on all issues so triable.

26  ///

27  ///

28  ///

20

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

## **REQUEST FOR RELIEF**

WHEREFORE, Defendant requests

1.     That Plaintiffs take nothing by reason of their Complaint, and that judgment be rendered in favor of Defendant;

2.     That Defendant be awarded its costs of suit incurred in defense of this action; and

3.     For such other relief as the Court deems proper.


DATED: May 16, 2024                    Respectfully submitted,
                                       **O'HAGAN MEYER, LLP**

                                       By:    /s/ Johnny Antwiler
                                              JOHNNY L. ANTWILER
                                              SAMUEL Y. EDGERTON, III
                                              JEFFREY W. AMLOYAN
                                              *Attorneys for Defendant,*
                                              *MILLER PAINT CO. INC.*

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT

1

## **CERTIFICATE OF SERVICE**

2     The undersigned certifies that **ANSWER OF DEFENDANT MILLER**

3  **PAINT CO., INC. TO PLAINTIFFS' COMPLAINT** was filed electronically with

4  the Clerk of the Court via the CM/ECF system which effects notification to all parties

5  registered and designated for the CM/ECF system in this action.  Participants in the

6  case who are not registered CM/ECF users will be served by mail or by other means

7  permitted by the court rules.

8     I declare under penalty of perjury under the laws of the United States of

9  American and the State of California that the foregoing is true and correct.

10     Executed on May 16, 2024 at Rancho Mirage, California.

11

12                    */s/ Johnny Antwiler*
                     Johnny Antwiler

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

ANSWER OF DEFENDANT MILLER PAINT CO., INC. TO PLAINTIFFS' COMPLAINT